Colcock, J.
As to the motion in arrest of judgments, I am of opinion the indictment is well drawn, The offence is the challenge, and the letters are only evidence. . So are all the English authorities; *108 and of course there is no need to put the letters on , . l the record.
I am also of opinion, that the evidence as to the conversation between JVesbit and Heard was properly admitted; because the defendant had expressly referred JVesbit to Mr. Heard, as a person author-ised to make arrangements on his part. The defendant had therefore put Mr. Heard into his place, and it must be supposed that in this conversation, Heard spoke the language of his principal. It will not avail the defendant to say, that he is not bound by the declarations of Heard, for it is clearly proved, under his own hand, that whatever he had to say, he had chosen Heard to say it for him: and by this means he adopts the language of Heard, and makes it his own. If in fact, he did not authorise fleard to go so far, the burthen of proof was on him, and he might have called Heard in his defence.
Another ground taken by the defendant is, that even if there was a challenge, it was not a challenge to fight in this state, but in the.state of Georgia; and therefore the letters cannot be a breach of the peace of this state. But if there was any challenge at all, it was a breach of the peace of this state, because the challenge was delivered here. The of-fence consists in the invitation to fight; and the misdemeanor is complete by the delivery of the challenge. From the letters themselves, it appears perfectly evident, that it was the defendant’s intention to challenge the prosecutor to fight, and even *109 if all the other testimony had been excluded, js still enough to support the conviction. Xner
Judges Smith and Brevard, concurred,
Nott, J. dissented,